UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
10-12122-RGS

WILLIE WALLACE

v.

MIDDLESEX SHERIFF JAMES DIPAOLA, et al.

ORDER ON PLAINTIFF'S MOTION
FOR DISCOVERY

August 15, 2011

STEARNS, D.J.

This Complaint is brought by pro se plaintiff Willie Wallace against James DiPaola, the Middlesex County Sheriff, certain superintending officials of the Middlesex County jail, a correction officer, and certain of the jail's medical personnel, known and unknown. Service has been made on all defendants by the U.S. Marshal. Plaintiff has since the filing of the Complaint been released from custody, having completed his sentence. The court will order as follows.

(1) The named defendants (with the exception of DiPaola, McAdam, and Milton) will file Answers to the Complaint within twenty-one (21) days of the date of this Order.

(2) The prayers for injunctive and declaratory relief pursuant to the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-2, based on the alleged failure of defendants to provide plaintiff with Muslim religious services and Halal dietary meals are DISMISSED as moot in the absence of a case controversy

(plaintiff having been released from custody).  *See Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007), abrogated on other grounds by *Sossaman v. Texas*, 131 S. Ct. 1651 (2011).

(3) The claims for compensatory and punitive damages against defendants DiPaola, McAdam, and Milton, who are sued in their official capacities only, and Murphy to the extent sued in his official capacity, for alleged violations of plaintiff's rights under RLUIPA and for alleged retaliation for the exercise of plaintiff's First Amendment rights, as well as monetary claims asserted against any defendant sued in his or her official capacity for failure to provide adequate medical care are DISMISSED as barred by the Eleventh Amendment.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-67 (1989); *Sossaman*, 131 S. Ct. at 1663.

(4) The claims for compensatory and punitive damages against all defendants named in their individual capacity for emotional suffering caused by alleged violations of plaintiff's rights under RLUIPA are DISMISSED as barred by the Prisoner Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e) (a prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury").

(5) Plaintiff's prayer for injunctive relief in the form of an order for the immediate provision of medical treatment is DISMISSED as moot.

(6) There being no viable claims remaining against defendants DiPaola, McAdam, and Milton, they are DISMISSED from this lawsuit and are excused from filing an Answer.

(7) With respect to plaintiff's motion for discovery, the remaining defendants shall within twenty-one days of filing an Answer  provide plaintiff with responses to requests nos. 3, 4, 5, 12, and 13.  In all other respects, the motion for discovery is DENIED.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE